Maurice Butler, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-364295, in which he was convicted of receiving stolen property, motor vehicle, and possession of criminal tools. Defendant-appellant assigns two errors for this court's review.
Defendant-appellant's appeal is not well taken.
On October 2, 1997, Detective Van Klemperger of the Cleveland Police Department and his partner Detective Michael Richmond were conducting inspections of automobiles and automobile repair shops and salvage yards in the area of East 88th Street and Bessemer Avenue in Cleveland, Ohio. The purpose of the inspections was to locate stolen automobiles and/or automobile parts. One of the automobile repair shops inspected was located at 8802 Bessemer Avenue. This shop was owned and operated by defendant-appellant as a supplement to his pension from the Ford Motor Company where he had worked for approximately twenty-five years.
Upon inspection of the automobiles located at defendant-appellant's shop, the detectives observed a 1988 Chevrolet Astro van with a VIN plate that appeared to have been altered. A further inspection revealed that the VIN number displayed was for a 1986 model automobile. Similarly, both the seat belt tag and emission sticker did not match the displayed VIN number. The van itself did not appear to be damaged but the radio had been removed from the dashboard, the vehicle had been painted with grey primer and a Georgia license plate was displayed on the rear bumper. The displayed VIN number was later determined to have come from a junked vehicle. The van was ultimately towed to a police garage where it was established that it was, in fact, a stolen vehicle. It had been reported stolen by its owner, Ms. Barbara Gesicki, approximately one month earlier.
On June 15, 1998, the Cuyahoga County Grand Jury returned a three count indictment against defendant-appellant charging him with receiving stolen property, motor vehicle, in violation of R.C.2913.51; fraudulent acts concerning a VIN number, in violation of R.C. 4549.62; and possession of criminal tools, in violation of R.C. 2923.24. Defendant-appellant was arraigned whereupon a plea of not guilty was entered to all three counts contained in the indictment.
After a written waiver of jury trial was executed by defendant-appellant, the case proceeded to a bench trial. The state's case consisted of the testimony of two witnesses, Ms. Barbara Gesicki, the owner of the stolen vehicle, and Detective Van Kremperger, the investigating officer in the case.
Ms. Gesicki testified that the van had been stolen from the street in front of her home during the night of September 4, 1997. She immediately reported the theft to the Cleveland Police Department. Approximately one month later, Ms. Gesicki was informed by the Cleveland Police Department that the van had been recovered. When Ms. Gesicki saw the van at the police impound lot, she noticed that the radio had been removed from the dashboard and the vehicle had been painted with grey primer. The van had formerly been white. In addition, Ms. Gesicki noticed that the steering column had been changed so that it no longer had a tilt steering wheel and her key would not operate the ignition. Ms. Gesicki testified that at no time did she give defendant-appellant permission to operate or possess her van.
Detective Kremperger then testified as to the condition of the van when he first observed the vehicle in defendant-appellant's possession and set forth the factors which led him to conclude that the van was stolen including the altered VIN number, the missing radio, the conflicting seat belt and emission information and the Georgia license plate displayed on the rear bumper. The Detective maintained that he spoke with defendant-appellant that day as to the identity of the owner, but received no useful information in that regard. Approximately two weeks later, defendant-appellant allegedly contacted the police and informed them that the name of the person who had dropped off the van to be repaired was "Frank, " but did not offer any additional assistance such as a last name, address or phone number for this individual. The state then rested its case.
The defense consisted solely of the testimony of defendant-appellant who maintained that the van had been brought to his shop by a man for a minor repair to the rear doors. Defendant-appellant stated that he knew only that the first name of the man was "Frank" and that "Frank's" telephone number was 271-0545. Defendant-appellant testified that he provided this information to Detective Kremperger on the day the police inspected his shop and did not speak with the police again regarding the van.
Defendant-appellant testified further that he did not inspect the VIN number on the van at the time the vehicle was brought into the shop as he had no reason to believe the vehicle was stolen since "Frank" had given defendant-appellant a set of keys for the vehicle, the door locks were intact and the windows were not broken. Defendant-appellant stated that, in any event, he was not in the practice of checking VIN numbers on any of the vehicles he repaired. The defense then rested.
Closing arguments ensued after which the trial court found defendant-appellant guilty of receiving stolen property, motor vehicle, and possession of criminal tools. The trial court found defendant-appellant not guilty of fraudulent acts concerning a VIN number. Defendant-appellant was sentenced to eight days in county jail to be followed by three years of community control sanctions with periodic drug testing.
On November 5, 1998, defendant-appellant filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's first assignment of error states:
 I. APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE AS REQUIRED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
Defendant-appellant's second assignment of error states:
 II. APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Having a common basis in both law and fact, this court shall consider defendant-appellant's first and second assignments of error simultaneously. Defendant-appellant argues, through his first and second assignments of error, that his conviction of the offense of receiving stolen property, motor vehicle, was not supported by sufficient evidence and was against the manifest weight of the evidence. Specifically, defendant-appellant maintains that the evidence failed to demonstrate that defendant-appellant knew of had reasonable cause to believe that the subject vehicle was stolen. It is defendant-appellant's position that the mere fact that the VIN number appeared to have been altered, the radio was missing and he failed to obtain the full name and address of the individual who allegedly brought the van to defendant-appellant's shop to be repaired does not support a finding beyond a reasonable doubt that defendant-appellant knew the vehicle had been obtained through the commission of a theft offense. Defendant-appellant contends further that since the vehicle was not damaged, the steering column was intact and "Frank" had given him a set of keys to the vehicle, he had no reason to believe he was working on a stolen van.
In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.
State v. Jenks, supra, paragraph two of the syllabus.
More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380,386, the Ohio State Supreme Court stated the following with regard to the "sufficiency" as opposed to the "manifest weight" of the evidence:
 With respect to sufficiency of the evidence, "sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficiency to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29 (A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 0.0. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230.
State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all the reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31, 38, 42.
Article IV, Section 3 (B) (3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland
(1984), 150 Ohio St. 303, 345.
The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions inTibbs v. Florida (1982), 457 U.S. 31, where it determined that unlike a reversal based upon insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal; i.e., invocation of the double jeopardy clause as a bar to re-litigation. Id. at 43. Additionally, only a concurring majority of an appellate panel is needed to reverse a judgment based upon the sufficiency of the evidence as opposed to the unanimous concurrence of all three appellate judges necessary for a reversal based upon the manifest weight of the evidence. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
An appellate court does not and cannot sit as the "thirteenth juror" when reviewing a claim based upon the weight of the evidence. Rather, we must accord due deference to the credibility determinations made by the trier of fact. See State v. DeHass,supra. As this court has previously stated in State v. Thompson
(Apr. 23, 1998), Cuyahoga App. No. 72044, unreported:
 The fact-finder, being the jury (in the case) or the trial judge (in a waiver), occupies a superior position in determining credibility.
 The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witnesses and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a hurculean endeavor.
R.C. 2913.51 (A), Ohio's receiving stolen property statute, states:
 No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
In the case herein, viewing the evidence presented in a light most favorable to the prosecution, the testimony of Ms. Gesicki, as well as Detective Kremperger, supports the determination by the finder of fact that defendant-appellant did, in fact, receive or retain the property of another knowing, or have reasonable cause to believe, that the property had been obtained through commission of a theft offense. Ms. Gesicki testified that her van was stolen from her home and later identified the van after it had been recovered from defendant-appellant's shop. She stated further that she did not, at any time, permit defendant-appellant to use or posses the vehicle. Detective Kremperger testified that he observed the van at defendant-appellant's shop and noticed that the VIN plate had been altered, the vehicle had been painted with grey primer and the radio had been removed, all indicative of a vehicle which had been stolen. In addition, Detective Kremperger stated further that defendant-appellant's failure to provide the full name of the man who brought in the van or any substantive information was equally indicative of an individual dealing with a stolen vehicle. Clearly, a review of the record demonstrates that any rational trier of fact could have found from the evidence presented that the essential elements of the offense of receiving stolen property were proven beyond a reasonable doubt. State v. Lundy
(June 25, 1998), Cuyahoga App. No. 71849, unreported; State v.Bennett (Mar. 3, 1996), Cuyahoga App. No. 68687, unreported.
Since the weight to be given the evidence and the credibility of the witnesses are primarily matters for the trier of fact to determine and that it is not the function of the appellate court to substitute its judgment for that of the fact-finder, State v. Grant
(1993), 67 Ohio St.3d 465; State v. D'Ambrosio (1993), 67 Ohio St.3d 185, this court cannot now say that the underlying verdict is against the manifest weight of the evidence. It is apparent from the record that the fact-finder did not lose its way and create a manifest miscarriage of justice by finding defendant-appellant guilty of receiving stolen property, motor vehicle. Defendant-appellant's conviction was supported by substantial, credible evidence upon which the trier of fact could reasonably conclude that defendant-appellant was guilty of the indicted offense. State v. Powell (1993),87 Ohio App.3d 157, 168; State v. Sammons (Dec. 17, 1997), Summit App. No. 18209, unreported.
Defendant-appellant's first and second assignments of error are not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL. TERRENCE. P.J., and
PATTON. J., CONCUR.
MICHAEL J. CORRIGAN, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B). 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1)