14

(No. C83CRB8014—Decided
June 28, 1983.)

Hamilton County Municipal Court.

*Mr. Terrence R. Cosgrove,* assistant city prosecutor, for plaintiff.

*Mr. Bruce F. Thompson,* for defendant.

PAINTER, J. Defendant, Michael W. Arnold, was charged with the violation of R.C. 2923.02, the "attempt" section. The affidavit stated that Mr. Arnold "with purpose to deprive the 7-11 store did remove 4 packs of bacon value $2.85 each from the meat cooler and did put the bacon inside his coat. The defendant then turned to leave the store, saw he was being watched by the store manager and put the bacon back into the cooler and fled the store."

The testimony elicited at trial was that the defendant, after having placed the bacon in his coat, was observed by the store manager, whereupon he replaced the bacon. These facts were uncontradicted at trial, defendant raising the sole argument that he was not guilty of attempted theft, because he had abandoned or renounced his criminal intent prior to his apprehension.

R.C. 2923.02(D) states as follows: "It is an affirmative defense to a charge under this section that the actor abandoned his effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose."

Of course, the defendant bears the burden of proof on an affirmative defense. R.C. 2901.05. We have been cited no Ohio cases which would be of any guidance given this state of facts; however, the case of *State* v. *Cooper* (1977), 52 Ohio St. 2d 163 [6 O.O.3d 377], vacated in part on other grounds (1978), 438 U.S. 911, stands for the proposition that, once a criminal intent has been formed, coupled with an overt act toward the commission of an offense, abandonment is no defense. We are not quite certain of this reasoning, in light of the clear meaning of R.C. 2923.02(D). We do not need to reach that issue, because we believe that the issue in the case before us is whether the abandonment was voluntary, as required by R.C. 2923.02(D).

The court has no doubt, and finds as a fact that the defendant abandoned his criminal enterprise only upon discovery by the store manager. That being the case, we believe the Committee Comment to Section 501(4) of the Model Penal Code, quoted in 4 O.J.I. 523.02, at page 339, is helpful. The comment states as follows:

"Within the meaning of this Article, renunciation of criminal purpose is not voluntary if it is motivated, in whole or in part, by circumstances, not present or apparent at the inception of the actor's course of conduct, which increase the probability of detection or apprehension

or which make more difficult the accomplishment of the criminal purpose. * * *"

This court believes the above reasoning is persuasive. Because we are convinced beyond a reasonable doubt that defendant intended to commit a theft offense, and because defendant has failed in his affirmative defense, the defendant is found guilty.

*Defendant guilty.*