THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 8556—Decided May 4, 1984.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Walter F. Ruf,* for appellee.

*Ms. Gail L. Morrissey,* for appellant.

BROGAN, P.J. Appellant, Margaret Denise Williams, appeals from her conviction in the Montgomery County Court of Common Pleas of grand theft (two prior convictions). Appellant was sentenced to the Women's Correctional Admissions Center for a definite term of two years. She raises three assignments of error in this appeal.

Appellant contends the trial court erred in overruling her motion for acquittal which she made at the close of the state's case-in-chief and renewed after imposition of sentence.

At 8:00 p.m. on April 2, 1983, Daniel Myers, a security officer for Elder-Beerman Stores, working in blue jeans and a sport shirt, observed the appellant acting in a suspicious manner in the Miss Beerman sportswear department of the Elder-Beerman store located in Kettering, Ohio. Appellant appeared to be

keeping an eye on the store clerks in the sportswear department to see where they were located.

Myers testified he saw appellant take merchandise off a rack, roll it up, and place it under her armpit beneath her coat. He stated the appellant then pulled her coat together and placed a small clutch bag on the outside of the coat underneath her armpit to hold up the merchandise inside her coat.

Myers then observed appellant walk out of the sportswear department and go to the men's department. She then began observing the men's underwear display table at which time she made eye contact with Myers. Myers testified appellant then began to get nervous and started walking around the display table.

Myers stated that when appellant began tugging at her coat he got into a position about ten feet from her to observe what she was doing. Myers stated that he then saw the merchandise hidden under appellant's coat fall to the floor and that she then kicked it under the men's underwear display table. He stated she then looked directly at him, mumbled something, and walked out of the men's department toward the north exit doors.

Myers stated he went to the men's underwear display table and looked underneath it and recovered two "Pant Her" blouses and a "Klondike" blouse worth approximately $100. Myers did not observe any other store merchandise under the display table. He stated the rack from which he had earlier seen appellant remove merchandise contained blouses and skirts. During the ten minutes he had to observe appellant, Myers stated he lost visual contact with her only for the five to ten seconds he took to retrieve the blouses from under the display table.

Myers stated he caught up with appellant at the north exit where he identified himself and began to question her about the merchandise. Appellant claimed innocence and attempted to leave, but was prevented from doing so by Myers. After a struggle, appellant was taken back to the security office in the store where she was detained for the Kettering police. Appellant was unable to present identification to the police. Myers stated that appellant's picture was posted in the store as a known shoplifter.

Patricia Hamblett-Dorney, a parole officer for the Dayton District, identified a certified copy of a court entry in case No. 82-CR-927 in which appellant had previously been convicted of grand theft and was sentenced to six months to five years' incarceration. She also identified a certified copy of appellant's conviction in case No. 83-CR-665 of attempt to commit grant theft in which she received a concurrent sentence with the 82-CR-927 conviction. Ms. Hamblett-Dorney also identified appellant as a parolee whom she supervised.

Appellant contends that the trial court should have granted her motions for acquittal because the state failed to introduce into evidence the blouses recovered by Myers. Myers stated that he did not bring the merchandise to court because he was not instructed to do so, although the evidence was secured in the security office of the store. Appellant cites *State* v. *Farmer* (1951), 156 Ohio St. 214 [46 O.O. 97], as authority for her argument. The fourth paragraph of the syllabus of *Farmer* reads:

"If the state fails to produce evidence, which should be readily available to the state, of a fact which will tend to establish an essential element of the state's case, such failure *may* raise a doubt with regard to the existence of such element of the state's case, where no explanation is given of such failure to produce such evidence and *where only circumstantial evidence is offered to establish such element.*" (Emphasis added.)

Myers testified, without objection, to the value of the items of merchandise he recovered from under the display table. This was direct evidence, not circumstantial evidence. While the blouses may have been helpful to the jury as demonstrative evidence, they were not essential to the proof of the state's case. Myers also explained the reason for the blouses' absence from the evidence. The indictment charged appellant with theft of Elder-Beerman's property, to wit, the blouses. The blouses need only have had "some" value. There was also evidence that Elder-Beerman was the owner of the property and that appellant was seen removing items from the blouse rack and then later dropping them under the men's display table. There was no evidence presented to dispute the fact that appellant had two previous theft convictions.

A motion for judgment of acquittal must be overruled where reasonable minds could reach different conclusions on whether the state had proven all the elements of the offense charged beyond a reasonable doubt. *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401]. The first assignment of error is overruled.

In her second assignment of error appellant contends the trial court erred in instructing the jury in the manner requested by the state. Appellant timely objected to the following instruction given by the trial court:

"The least removing of the property taken, with a purpose to deprive the owner of that property, is sufficient exertion of control over property. The thief must obtain entire and absolute possession of the property only for an instant. The goods need not be removed from the premises of the owner. The goods need not be retained in the possession of the thief."

The trial court noted in giving the above instruction that he was doing so based upon the case of *Eckels* v. *State* (1870), 20 Ohio St. 508. Appellant contends this instruction was erroneous because the *Eckels* decision was an interpretation of the common-law crime of larceny, not the present R.C. 2913.02. In addition, appellant argues the facts in *Eckels* were quite different from the instant case.

In *Eckels*, the property involved was money which was removed from its place in a money drawer. There was no policy of allowing such property to be moved from one place to another. The owner placed the money in a certain spot in the drawer and intended it to stay there.

Myers testified it was normal procedure for store patrons to take merchandise from one store department to another. He stated however it was not normal procedure for customers to conceal merchandise under their clothing and then go to another department of the store.

This court in *State* v. *Brown* (Aug. 2, 1983), Montgomery App. No. 8197, unreported, cited with approval the instruction given in *Eckels* v. *State, supra.* We noted at page 4 of the opinion:

"* * * [T]he least removing of items with an intent to deprive the owner of it is a sufficient asportation, though the property is not removed from the premises of the owner nor retained in the possession of the thief. * * *"

The above-stated law comports with common sense, for to wait until the suspect leaves the store with the stolen merchandise may indeed jeopardize the successful apprehension of the suspect. The moving of the merchandise must be with intent "to deprive the owner of [his] property" (*animus furandi*) R.C. 2913.02(A). Here the accused placed the blouses *inside* her coat and walked to the men's department. The instruction properly addressed the factual situation presented to the jury. The second assignment of error is overruled.

In her last assignment, appellant

asserts as "error" all other errors occurring at trial to the prejudice of appellant and apparent on the face of the record. App. R. 12(A) states in pertinent part:

"* * * Errors not *specifically* pointed out in the record and separately argued by brief may be disregarded. * * *" (Emphasis added.)

A court of appeals deems as abandoned those assignments of error which, although in a notice of appeal, have not been separately argued in appellant's brief. *Riss & Co., Inc.* v. *Bowers* (1961), 114 Ohio App. 429, 438 [19 O.O.2d 451]. Accordingly, the last assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and WEBER, JJ., concur.