JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Anthony Randazzo appeals his conviction of theft in the Cuyahoga Court of Common Pleas. For the following reasons, we affirm.
{¶ 2} On January 28, 1999, Mark Knipper, a Loss Prevention Door Monitor, observed the defendant enter the main entrance of Home Depot on Brookpark Road. Knipper kept his eye on the defendant because he fit the description of a person who returned merchandise without receipts. Knipper saw defendant take an empty shopping cart and walk up and down the aisles. Shortly thereafter, Knipper saw defendant with a shopping cart full of tiles walking toward the return cashiers. Knipper advised Claudia Jermann, a return cashier, that defendant had entered the store empty handed. Knipper then went on his lunch break.
{¶ 3} Ms. Jermann watched the defendant push his shopping cart full of tiles out the main entrance of the store. Ms. Jermann followed defendant outside and asked to see his receipt. Defendant gave Ms. Jermann a "cut ticket." A "cut ticket" is not a receipt but a stub used to identify when merchandise has been cut inside the store. Ms. Jermann asked defendant a second time for a receipt. Defendant told her that he would go to his car and get the receipt. Defendant started to push the cart toward his car, but Ms. Jermann told him that she would keep the cart until he returned with the receipt. Defendant got into his car and drove away. Ms. Jermann pushed the cart back into the store and contacted Knipper. Knipper totaled the value of the merchandise in the cart at $1,130.22.
{¶ 4} Detective Len Podolak of the City of Brooklyn Police Department was called by Home Depot to investigate the incident. He was given an Ohio State Identification card with the name Robert Kioch on it. The photo on the identification card matched the description of the individual who had been returning merchandise to Home Depot stores in the past and on that date in particular.[1] Det. Podolak issued a warrant to the address listed on the identification card, however, it was an non-existent address. Det. Podolak then checked the arrest record and mug shots and recognized Robert Kioch as the defendant, Anthony Randazzo. Det. Podolak then issued papers on the defendant which ultimately lead to his arrest.
{¶ 5} On September 8, 2000, defendant was indicted in the Cuyahoga Court of Common Pleas for one count of theft in violation of R.C. 2913.02. The indictment alleged that the offense occurred on July 28, 1999.
{¶ 6} The matter proceeded to a jury trial on March 12, 2001. The trial court heard a motion to dismiss and denied it. At trial, both Knipper and Ms. Jermann identified defendant as the individual they saw on January 28, 1999, who left the store without paying for the merchandise in the shopping cart. On March 13, 2001, defendant was convicted of theft in violation of R.C. 2913.12 and was sentenced to eleven months of imprisonment.
{¶ 7} Defendant appeals his conviction and raises eight assignments of error for our review.
 I. {¶ 8} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS MOTION TO DISMISS WAS OVERRULED AS HE WAS DENIED A SPEEDY TRIAL.
{¶ 9} In his first assignment of error, defendant argues that the trial court should have dismissed the complaint. We disagree.
{¶ 10} On July 31, 2000, defendant was charged with theft in the Parma Municipal Court. Defendant waived a preliminary hearing and the Parma Municipal Court issued a journal entry binding over the matter to the Court of Common Pleas. On September 8, 2000, defendant was indicted on one count of theft in the Cuyahoga Court of Common Pleas. At his arraignment on September 27, 2000, defendant pleaded not guilty to the charges.
{¶ 11} On November 30, 2000, defendant filed a motion to dismiss the indictment on the basis that he was denied his right to a speedy trial. He claimed that the City of Brooklyn had placed a detainer against him on January 14, 2000 while he was incarcerated at the Lorain Correctional Institution on other charges. He asserted that the statutory time within which to bring him to trial had elapsed. The trial court denied defendant's motion to dismiss on March 12, 2001.
{¶ 12} R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and R.C. 2945.72, the accused shall be discharged. The prosecution must strictly comply with R.C. 2945.71 and 2945.73. State v. Reeser (1980), 63 Ohio St.2d 189,191. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days of arrest or service of summons. Thus, defendant was required to be brought to trial within 270 days of his original indictment dated July 31, 2000, unless tolled for reasons permitted under the statute.
{¶ 13} The original charge against defendant was brought on July 31, 2000.[2] Thus, defendant was required to be brought to trial by April 27, 2001. Since defendant's trial began on March 12, 2001, his right to a speedy trial was not violated. Accordingly, we do not find that defendant's speedy trial rights were violated in any way and the trial court did not err in denying his motion to dismiss.
{¶ 14} Defendant's first assignment of error is overruled.
 II. {¶ 15} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT PERMITTED AN AMENDMENT OF THE INDICTMENT.
{¶ 16} In his second assignment of error, defendant argues that the trial court erred in allowing the State to amend the indictment at trial. We disagree.
{¶ 17} Defendant's original indictment stated that the offense took place on July 28, 1999. The State, over objection, subsequently amended the indictment to show that the offense took place on January 28, 1999.
{¶ 18} Crim.R. 7(D) provides in pertinent part:
 {¶ 19} The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.
{¶ 20} See, also, R.C. 2941.30.
{¶ 21} Here, the indictment merely changed the date of the offense. It, in no way, altered the name or identity of the crime charged. Accordingly, the trial court did not abuse its discretion in amending the indictment as aforesaid.
{¶ 22} Defendant's second assignment of error is overruled.
 III. {¶ 23} DEFENDANT WAS DENIED A FAIR TRIAL WHEN IMPROPER REFERENCE WAS MADE TO OTHER CRIMINAL PROCEEDINGS AND CRIMINAL BACKGROUND.
{¶ 24} In his third assignment of error, defendant argues that he was denied a fair trial because the trial court allowed the State to make reference to prior convictions. Specifically, defendant complains that the testimony of Mark Knipper and Det. Podolak was so prejudicial as to warrant a new trial. We disagree.
{¶ 25} Evid.R. 404(B) states:
 {¶ 26} Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
{¶ 27} In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine if it was error to allow the jury to hear the testimony and, if so, whether such error was prejudicial or harmless. State v. Davis (1975), 44 Ohio App.2d 335.
{¶ 28} First, we find no error in the admission of Mark Knipper's testimony that he received a "heads up" that a male fitting defendant's physical description was returning merchandise without a receipt. Such testimony does not reveal an "other act" of defendant to show that he acted in conformity therewith. It merely shows why Knipper's attention was drawn to the defendant as he entered the store. Thus, there was no error in allowing the jury to hear this testimony.
{¶ 29} Next, defendant complains of the testimony of Det. Podolak who testified that defendant had been arrested in 1974 for receiving stolen property. (Tr. 114). Upon objection by defense counsel, the court properly instructed the jury to disregard the statement. (Tr. 114-115). As an appellate court, we must presume that the jury followed the trial court's curative instruction. State v. Franklin (1991), 62 Ohio St.3d 118,127; State v. Futrell (Nov. 10, 1999), Cuyahoga App. Nos. 75033, 75034, 75035, unreported. Accordingly, we find no reversible error.
{¶ 30} Defendant's third assignment of error is overruled.
 IV. {¶ 31} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ADMITTED THE WITNESS STATEMENT OF CLAUDIA JERMANN.
{¶ 32} In his fourth assignment of error, defendant contends that the trial court erred in admitting the witness statement of Claudia Jermann. We agree, but find such error harmless.
{¶ 33} During cross-examination, Ms. Jermann was questioned about the height of the defendant. Ms. Jermann stated that she thought defendant was 5' 10". During redirect, the State asked Ms. Jermann to read a "Home Depot Employee Statement" that she had written on the evening of January 28, 1999 after her encounter with the defendant. The State then asked her whether her memory was refreshed as to the physical description she gave of the person in the store that evening. Ms. Jermann stated that the physical description she gave that night was "White male, about five-ten, medium build, dark hair, bald spot in the back, blue jacket and blue jeans." (Tr. 101).
{¶ 34} A written statement may be read to refresh the author's memory under Evid.R. 612. However, the writing used to refresh the witness's recollection is not admitted into evidence unless admission is requested by the adverse party. Dayton v. Combs (1993), 94 Ohio App.3d 291,297-298.
{¶ 35} Here, the State properly questioned Ms. Jermann with regard to the statement she had made on the evening of January 28, 1999 but it should not have been admitted into evidence. Id. However, we are unable to agree that the error was materially prejudicial to the defendant. After a thorough review of the record, we have no doubt that the remaining, properly introduced evidence overwhelmingly establishes defendant's guilt. See Delaware v. Van Arsdall (1986), 475 U.S. 673,681; State v. Williams (1983), 6 Ohio St.3d 281. Because this error was harmless beyond a reasonable doubt, we find defendant's contention not well taken.
{¶ 36} Defendant's fourth assignment of error is overruled.
 V. {¶ 37} DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR IMPROPERLY EXPRESSED HIS OPINION AS TO THE GUILT OF DEFENDANT.
{¶ 38} In his fifth assignment of error, defendant contends that the prosecutor's statements in closing arguments were improper. We disagree.
{¶ 39} The first statement at issue occurred when the prosecutor addressed the jury and stated, "The elements have been proven, and Anthony Randazzo * * *." (Tr. 149). The prosecutor further stated, "You heard uncontroverted testimony from the witnesses, those elements have been proven, and I am asking you to return a verdict of guilty." (Tr. 150).
{¶ 40} The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. State v.Smith (1984), 14 Ohio St.3d 13, 14. In viewing the aforementioned statements in their entirety and in the context of the entire case, this court concludes that the prosecutor did not make any improper arguments to the jury.
{¶ 41} Defendant's fifth assignment of error is overruled.
 VI. {¶ 42} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT GIVE ANY INSTRUCTION CONCERNING IDENTIFICATION.
{¶ 43} In his sixth assignment of error, defendant argues that the trial court erred in not instructing the jury on the potential of mistaken identification. We disagree.
{¶ 44} On March 13, 2001, the second day of trial, defendant filed a request for an instruction on identification. The requested instruction consisted of six lengthy and complicated paragraphs. The gist of defendant's request was that a special jury instruction should be given as to the reliability of Knipper and Ms. Jermann's identification of defendant as the thief since their descriptions of the clothing defendant was wearing during the commission of the theft were inconsistent.
{¶ 45} As a general rule, a court does not need to give a special instruction when those portions of the instruction which are correct are satisfactorily contained in the general charge. 15A Ohio Jurisprudence 2d 552, Criminal Practice and Procedure, Section 461; State v. Brandon
(Aug. 25, 1980), Mahoning Cty. App. No. 79 C.A. 124, unreported.
{¶ 46} Here, the portions of the special charge requested by defendant concerning the standards under which the jury should weigh identification testimony were sufficiently set forth in the general charge at page 160, et seq. of the record where the court set forth the standard for weighing the testimony of witnesses including "* * * the interest or bias the witness has in the outcome of the verdict; his or her candor or frankness or lack of candor or frankness; the consistency of his or her testimony with other known facts in the case; his or her accuracy of memory or inaccuracy of memory; his or her intelligence or lack of intelligence;the reasonableness or unreasonableness of his or her testimony; the opportunity the witness had to see, or hear or know the truth of the facts and circumstances concerning the things to which he or she testified and any and all other facts and circumstances surrounding the testimony * * *." This instruction sufficiently sets forth the standard which a juror should apply in considering testimony, including identification testimony.
{¶ 47} Defendant's sixth assignment of error is overruled.
 VII. {¶ 48} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT WOULD NOT INSTRUCT ON THE LESSER OFFENSE OF ATTEMPTED THEFT.
{¶ 49} In his seventh assignment of error, defendant argues that the trial court erred in not instructing the jury on an alternate theory of conviction. Specifically, defendant claims that the jury should have been instructed on the lesser offense of attempted theft since his actions reflect a thwarted attempt at theft. We disagree.
{¶ 50} An instruction on a lesser offense is required only when the evidence at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. State v.Robb (2000), 88 Ohio St.3d 59, 74. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. State v.Wilkins (1980), 64 Ohio St.2d 382, 388. The evidence must be considered in the light most favorable to defendant. Id.
{¶ 51} R.C. 2913.02 defines theft as knowingly obtaining possession of or exerting control over property with the purpose to permanently deprive the owner of possession of such property without the owner's consent. The property must be moved with the intent to deprive the owner of his property. State v. Williams (1984), 16 Ohio App.3d 232. The property need not be removed from the premises of the owner nor retained in the possession of the thief to constitute theft. Id.; see, also, State v. Lawson (July 27, 1987), Warren County App. No. CA86-11-070, unreported; State v. Hood (May 20, 1987), Summit County App. Nos. 12875, 12885, unreported.
{¶ 52} Here, defendant had completed every act necessary to commit the crime of theft. Defendant filled a shopping cart full of tiles, which were the property of Home Depot, and then walked outside the store with the merchandise until he was apprehended by an employee. Defendant moved well past a mere attempt to steal the merchandise, and the jury, finding Knipper's and Ms. Jermann's testimony credible, could not reasonably have convicted defendant of attempted theft.
{¶ 53} Defendant's seventh assignment of error is overruled.
 VIII. {¶ 54} DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR JUDGMENT OF ACQUITTAL.
{¶ 55} In his eighth assignment of error, defendant argues that the evidence was insufficient to support his conviction for theft. We disagree.
{¶ 56} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
{¶ 57} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
{¶ 58} To support a conviction for theft the State must prove, beyond a reasonable doubt, that one knowingly obtained possession of or exerted control over property with the purpose of permanently depriving the owner of possession of such property without the owner's consent. R.C. 2913.02. The mere fact that the thief does not remove the merchandise from the store or retain the merchandise is insufficient to allow a court to enter a judgment of acquittal. See State v. Williams
(1984), 16 Ohio App.3d 232; State v. Smith (Oct. 28, 1999), Jefferson County App. No. 96 JE 1, unreported; State v. Lawson (July 27, 1987), Warren County App. No. CA86-11-070, unreported; State v. Hood (May 20, 1987), Summit County App. Nos. 12875, 12885, unreported.
{¶ 59} Here, the State presented evidence that defendant had a shopping cart filled with merchandise for which he did not pay. Mark Knipper, a Loss Prevention Door Monitor for Home Depot, testified that he witnessed the defendant enter the store with no merchandise. (Tr. 26-27). He also testified that he witnessed the defendant shortly after he entered the store with a shopping cart full of tiles. (Tr. 28-29). Ms. Jermmann, a cashier, testified that she confronted the defendant when he stepped outside the store with the shopping cart of unpaid merchandise. (Tr. 73). It was at this point that the defendant left the cart and fled the scene. (Tr. 73).
{¶ 60} When this evidence is viewed in the light most favorable to the State, a reasonable jury could find that it was the defendant in Home Depot on January 28, 1999 and that he had stolen the merchandise. After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of theft proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail and the trial court properly denied his motion for judgment of acquittal.
{¶ 61} Defendant's eighth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] The return policy at Home Depot allows individuals to return merchandise even without a receipt. However, where no receipt is available, in order to get cash back, the individual must present proof of identification. The return cashier must enter the driver's license number into the computer. The computer keeps track of this number, and if such a number is entered too many times, the computer will alert the cashier. A store manager is then called to handle the situation. (Tr. 63-64).
[2] Defendant's claim that he was detained by the Brooklyn Police Department on January 14, 2000 is not supported by the record. It is the duty of the defendant to demonstrate his assigned error through an argument that is supported by facts in the record. See App.R. 16(A)(7);State v. Watson (1998), 126 Ohio App.3d 316, 321.