DECISION AND JUDGMENT ENTRY
Lori Arthur challenges the conviction entered by the Portsmouth Municipal Court finding her guilty of petty theft in violation of the Village of New Boston Ordinance 545.05(a)(1). She assigns the following error:
 "THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF PETTY THEFT BASED UPON APPELLANT'S ACTIONS WITH RESPECT TO HER OWN PROPERTY WHEN THE EVIDENCE DID NOT SHOW THAT APPELLANT OBTAINED OR EXERTED CONTROL OVER PROPERTY WITHOUT THE CONSENT OF THE OWNER OR PERSON AUTHORIZED TO GIVE CONSENT."
We find no merit in this assigned error and affirm the judgment of the trial court.
The evidence at trial indicates that Arthur and a friend entered the Shoe Sensation store located in New Boston, Ohio. Appellant was wearing a pair of thin-soled white tennis shoes when she entered the store. Brenda McElroy, the store manager, testified that she observed Arthur in the section of the store where the "Skecher" tennis shoes are located. McElroy stated that appellant tried on a pair of white "Skecher" tennis shoes and then proceeded to put her old shoes in the box and place the box back on the shelf. Appellant continued to walk around the store in the new shoes. McElroy then asked another store employee, Jennifer Raines, to stay with appellant while she was in the store. While looking through the "Skecher" shoe boxes, Raines found the box which contained appellant's old pair of shoes. She took the box to the register at the front of the store to show McElroy. McElroy contacted the police and asked Raines to stand in front of the door in case appellant tried to leave. Appellant was nearing the door when McElroy asked her if she intended to pay for the shoes she was wearing. Appellant responded that her mother had bought them for her. During this conversation, the police arrived. Appellant took off the "Skecher" tennis shoes and asked for her old shoes back. The police then took her into custody.
Appellant testified that she had tried on a pair of white "Skecher" tennis shoes. She indicated that she was walking around the store in the shoes, as is customarily done when buying shoes. Arthur further testified that she did not place her old shoes in the "Skecher" box and place the box back on the shelf. She maintained that she left her old shoes beside the box on the floor. When she realized her old shoes were gone, she walked to the front of the store to ask McElroy where her old shoes were.
After hearing all the testimony, the court found appellant guilty of petty theft and sentenced her accordingly. Appellant filed this appeal.
In her brief, appellant argues that the trial court erred when it based its decision on whether appellant did, in fact, place her old shoes in the box and put the box back on the shelf. She argues that the ordinance requires appellant to have exerted control over the property of another. Thus, she contends, her actions in the store as to her own property are irrelevant to the outcome of the case. Appellant appears to argue that the evidence is insufficient to support a conviction for the crime of petty theft. Because her argument could also be construed to raise a manifest weight of the evidence issue, we will address them both.
An appellate court's function in a sufficiency of the evidence context is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Clemons, 82 Ohio St.3d 438,444, 1998-Ohio-406, 696 N.E.2d 1009, citing State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. We must decide, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560. See, also, State v. Mootispaw (1996), 110 Ohio App.3d 566,569, 674 N.E.2d 1222. Furthermore, an appellate court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." See State v. Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52,678 N.E.2d 541 (Cook, J., concurring).
Although a verdict is supported by sufficient evidence, a court of appeals may nevertheless conclude that the verdict is against the manifest weight of the evidence. State v. Banks (1992), 78 Ohio App.3d 206, 214,604 N.E.2d 219. A sufficiency of the evidence challenge tests whether the state's case is legally adequate to go to a jury in that it contains prima facie evidence of all of the elements of the charges offense. Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. A weight of the evidence argument merely tests the rational adequacy, i.e., persuasiveness of the evidence. The two tests are distinct, notwithstanding dicta to the contrary in Jenks, supra. See Thompkins, supra, at 390 (Cook, J., concurring).
A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. State v. Johnson (1991), 58 Ohio St.3d 40, 41, 567 N.E.2d 266;State v. Eskridge (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Thompkins, supra, at 387.
Appellant was charged with violating the Village of New Boston Ordinance 545.05(a)[1], which states:
 "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
"Without the consent of the owner
"1. or person authorized to give
"2. consent[.]"
Appellant contends that the State failed to prove that she exerted control over the "Skecher" tennis shoes as required in the ordinance. However, McElroy, the store manager, testified that she saw appellant try on the new "Skecher" tennis shoes, place her old shoes in the box, and place the box back on the shelf. McElroy also testified that appellant was walking towards the door with her keys in her hand, implying that appellant was going to leave the store with the "Skecher" tennis shoes still on.
The law does not require the store to wait until the defendant left the premises with the merchandise to apprehend her for shoplifting; such a requirement might jeopardize apprehension of the suspect. State v.Williams (1984), 16 Ohio App.3d 232, 234, 475 N.E.2d 168. See, also,Cleveland v. Troupe (Aug. 1, 1996), Cuyahoga App. No. 69324. The state need only prove that appellant exerted control over the merchandise with the intent to deprive the store of its property, regardless of whether she was still in the store. The slightest act of removal or hiding of property, coupled with the requisite intent, is a sufficient asportation in the eyes of the law. Because an accused's intent exists only in his or her mind and is not ascertainable by another, it cannot be proven by direct testimony of another person but must be determined from surrounding facts and circumstances. State v. Flowers (1984),16 Ohio App.3d 313 citing State v. Huffman (1936), 131 Ohio St. 27; Statev. Leiber (1990), 56 Ohio St.3d 4. The evidence noted above and the logical inferences derived from it, satisfy both the sufficiency and weight of the evidence standards concerning the element of control and intent.
Appellant complains that the trial court seemed to focus upon what she did with her own property, i.e., her old shoes, instead of looking to the level of control she exerted over the store's property. She contends that what she did with her own shoes is irrelevant to a charge of stealing someone else's. She is greatly mistaken. Hiding her old shoes in the box from which the store's shoes came is highly relevant to an apparent attempt to deceive the store. The trial court quite properly could infer an intent to convert the store's property from such conduct.
Appellant also implies that evidence on the issue of the owner's consent is deficient. She contends that walking around the store in a pair of shoes before buying them is a proper means of deciding whether to buy them and is not illegal. We agree. What she conveniently overlooks is that the village introduced evidence from which a rational fact finder could conclude that she was about to leave the store without paying for them. While a store may well consent to a customer's effort to "try on" a pair of shoes, that consent cannot be said to extend to any attempt to conceal them or mislead store personnel as to their true ownership. The record contains circumstantial evidence from which the court could reasonably conclude that the appellant was attempting to walk out of the store without paying for the shoes. Because circumstantial evidence carries the same weight as direct evidence, see Jenks, supra, at paragraph one of the syllabus, the state introduced enough evidence to pass muster on both a sufficiency and manifest weight of the evidence basis.
The appellant's assignment of error is meritless.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.
[1] The Village of New Boston Ordinance 545.05(a)(1) is identical to Ohio's theft statute. See R.C. 2913.02(A)(1).