OPINION
{¶ 1} Eugene A. Leavitt, Jr., appeals from the judgment of the Lake County Court of Common Pleas, based on a jury verdict, finding him guilty of theft and breaking and entering. We affirm.
 {¶ 2} During the night of September 6, 2005, Mrs. Debbie Kendig, of 37455 Lakeshore Boulevard, Eastlake, Ohio, was awoken by the sounds of dogs barking, and the light from her neighbor's outside motion detector. Investigating, Mrs. Kendig discovered an unknown man in her van. She requested if she could help him, to which he replied "no." When the man then exited her van, Mrs. Kendig *Page 2 
asked him where he thought he was going, and grabbed him by the arm. He broke away, and disappeared down her driveway.
 {¶ 3} Mrs. Kendig telephoned the police, then returned to her van to see if anything was missing. The coins she tossed in the coin separator and the ashtray were gone; and she found her wallet, which had been tucked in her purse under the driver's seat, open and lying between the driver's and passenger's seats. Mrs. Kendig's wedding ring, which had been in the wallet, was gone. Searches that night by police, and by Mr. and Mrs. Kendig the following morning, did not turn up the ring. When Mrs. Kendig returned home from dropping her children at school that morning, she parked in a different place, and spotted her ring on the driveway. At trial, Mr. Mike Williams, a certified property appraiser and gemologist, testified that the ring was worth $4,832.00.
 {¶ 4} Following Mrs. Kendig's telephone call, the Eastlake police set up a pattern to look for the intruder. Between 3:00 a.m. and 3:40 a.m., Sergeant Hurst of the Eastlake Police Department spotted a man running between houses. The sergeant told the man to stop, but he continued running. Eventually, the sergeant caught the man-Mr. Leavitt. Upon searching him, the police found $15 in bills, loose change, a cell phone, razor, cigars, and cigarettes. None of these items belonged to Mrs. Kendig.
 {¶ 5} Eventually, Mr. Leavitt agreed to make a written statement, admitting he was the man Mrs. Kendig discovered in her van.[1] He denied ever having seen or taken a ring while in her van. *Page 3 
 {¶ 6} No fingerprint analysis was done of Mrs. Kendig's wallet or ring.
 {¶ 7} December 9, 2005, an indictment in two counts by the Lake County Grand Jury was filed against Mr. Leavitt: the first count for theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1); the second count for breaking and entering, also a fifth degree felony, in violation of R.C. 2911.13(B). Mr. Leavitt executed a written waiver of his right to appear at arraignment December 28, 2005; and, the trial court entered a plea of "not guilty" on his behalf. March 6, 2006, the matter came on for jury trial. That same day, the jury returned a verdict against Mr. Leavitt on each count. By a judgment entry filed April 19, 2006, the trial court sentenced Mr. Leavitt to two concurrent prison terms of nine months.
 {¶ 8} Mr. Leavitt timely noticed this appeal, assigning two errors:
 {¶ 9} "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 10} "[2.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 11} Both at the close of the state's case, and her own, Mr. Leavitt's counsel properly preserved her Crim.R. 29(A) motion. By his first assignment of error, Mr. Leavitt appeals the trial court's denial of that motion. He makes two arguments: (1) that the state failed to prove that he knowingly exerted control over Mrs. Kendig's ring without her consent, as required to prove theft, R.C. 2913.02(A)(1); and (2), that he sought to commit a felony when he trespassed on the Kendig's property, as required to prove breaking and entering, R.C. 2911.13(B). *Page 4 
 {¶ 12} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." State v. Patrick, 11th Dist. Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, at ¶ 18.
 {¶ 13} A challenge to the sufficiency of the evidence concerns whether the state has presented evidence on each element of an offense.State v. Dykes, 11th Dist. No. 2005-L-131, 2006-Ohio-4165, at ¶ 15. It raises a question of law, of due process. Id. at ¶ 17. On review, an appellate court must ask whether any rational factfinder could have found all elements of the offense charged beyond a reasonable doubt. Id. The evidence adduced at trial, and all reasonable inferences, must be viewed in a light most favorable to the state. Id. An appellate court may not disturb a verdict for insufficiency of the evidence absent a finding that reasonable minds could not have reached that verdict. Id.
 {¶ 14} Applying these standards to Mr. Leavitt's arguments shows each must fail. He cites to his own denial that he even knew Mrs. Kendig's ring was in her van, as well as the fact it was later found in her driveway, to circumvent the requirements that theft must be based on a conscious exercise of control over another's property without that person's consent. R.C. 2913.02(A)(1). But as the state points out, Mr. Leavitt admits he was the man Mrs. Kendig found in her van. Mrs. Kendig testified that she grabbed that man's arm as he fled; and, that she found her wallet, in which she kept the ring, *Page 5 
open in the van. Viewed in a light most favorable to the state, this is sufficient evidence from which a reasonable mind could determine Mr. Leavitt took the ring from the wallet, and dropped it as he fled. This is all the control required to commit theft. Cf. State v. Mays, 11th Dist. No. 2005-T-0115, 2006-Ohio-4039, at ¶ 14.
 {¶ 15} Mr. Leavitt's challenge to his breaking and entering conviction fails for similar reasons. He notes that R.C. 2911.13(B), under which he was charged, forbids trespass on another's land or premises, "* * * with purpose to commit a felony." He reasons that, since he did not know of the ring, or its value, he could not have intended felony theft, which requires the property stolen be worth five hundred dollars or more.
 {¶ 16} The intent to commit a felony required by R.C. 2911.13(B) may be formed at any time during the trespass. Cf. State v. Arnold (June 30, 1993), 11th Dist. No. 91-G-1671, 1993 Ohio App. LEXIS 3311, at 8-9. A reasonable mind could conclude that Mr. Leavitt discovered the ring while rifling Mrs. Kendig's wallet, and determined to take it at that instant. This is all the intent required by the statute. We reject the notion that a person may avoid conviction for felony theft through ignorance of the value of the property taken. R.C. 2913.02(B)(2) predicates felony status for the crime on the value of the property, not on the thief's abilities as an appraiser.
 {¶ 17} The first assignment of error is without merit.
 {¶ 18} By his second assignment of error, Mr. Leavitt makes a manifest weight challenge to his convictions. Regarding the theft conviction, he notes Mrs. Kendig's admission that she had put the ring in her wallet several days before, and postulates the only reasonable explanation for its appearance on the driveway is she dropped it there. Regarding the breaking and entering, he again argues he was only looking for small *Page 6 
items to steal (such as were found on his person when arrested). He contends this shows he could not have tried to steal a valuable ring, and thus, lacked the mens rea for the crime.
 {¶ 19} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 20} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 21} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v.Simpson *Page 7 
(Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 22} Mr. Leavitt's manifest weight challenges must fail. A jury could reasonably choose to believe Mrs. Kendig's testimony that she left her wallet in her purse, under the seat of her van, and found it open, between the seats, after he fled. The jury could reasonably infer that he took the ring from the wallet, and dropped it when Mrs. Kendig grabbed his arm. Thus, a jury could reasonably conclude Mr. Leavitt committed theft. Having reasonably concluded that he committed theft of a valuable ring while admittedly trespassing, it could reasonably conclude he committed breaking and entering.
 {¶ 23} The second assignment of error is without merit.
 {¶ 24} The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur.
[1] Mrs. Kendig was also able to identify Mr. Leavitt as the intruder. *Page 1