DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after a jury found defendant-appellant Melvin D. McGhee guilty of one count of robbery in violation of R.C. 2911.02(A)(2). *Page 2 
 {¶ 2} The criminal charges against McGhee relate to an occurrence at a Rite Aid store in Toledo, Lucas County, Ohio on November 22, 2005. A store security officer observed McGhee at the store and brought his activities to the store manager's attention. McGhee was observed removing merchandise from different aisles, placing them together on a shelf, and then stuffing them into a plastic "Rite Aid" shopping bag. McGhee had secured the plastic bag from his coat pocket. A security videotape showed that McGhee looked about to see if he was being observed by others during the course of these events.
 {¶ 3} After speaking to the security officer and observing McGhee on a security monitor, the store manager went to the front of the store and stood at the only public entrance/exit. The store manager testified that while he stood at the door, appellant approached from his right, carrying the plastic bag. The store cash register was located in an area beyond where the store manager was standing and to his left.
 {¶ 4} Once McGhee reached the front of the first aisle, McGhee and the store manager exchanged eye contact. The store manager testified: "As soon as I looked at him, he looked up at me and he put it [the plastic bag] down and continued walking towards me." When McGhee approached "He started asking where something was located and I [the store manager] said, You need to come with me, and Kyle [the store security officer] then proceeded to say his name, and that's when he pushed me through the door." McGhee ran from the premises. The store manager testified that he injured his right thumb during the struggle with McGhee. *Page 3 
 {¶ 5} McGhee, through counsel, admitted at trial that he was the individual who was at the store. Appellant's counsel contended at trial that McGhee left the plastic bag on the store floor because he realized that "what he's about to do was wrong" and that he voluntarily abandoned any intended criminal activity.
 {¶ 6} Instructions to the jury included an instruction on the affirmative defense, under R.C. 2923.02(D), of whether appellant abandoned an attempt to commit a theft offense.
 {¶ 7} Appellant has assigned three errors on appeal:
 {¶ 8} "The verdict was unsupported by sufficient evidence."
 {¶ 9} "The verdict was against the manifest weight of the evidence."
 {¶ 10} "The trial court erred in instructing the jury regarding the definition of renunciation."
 {¶ 11} An appeal based upon a claimed insufficiency of evidence to support a conviction questions the adequacy of the evidence at trial to prove the essential elements of the crime beyond a reasonable doubt. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any *Page 4 
rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 12} McGhee was convicted of robbery, in violation of R.C.2911.02(A) (2). That statute provides:
 {¶ 13} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 14} Appellant contends that the evidence is insufficient to establish the first element of the offense. He argues that no theft or attempted theft occurred because he had abandoned any efforts to commit a criminal offense by putting down the bag of merchandise prior to passing any store cash register and prior to leaving the store. Appellant argues that he dropped the bag before the point of sale.
 {¶ 15} The state counters that the elements of R.C. 2911.02 were met, asserting appellant committed theft or at least attempted theft and that the store manager was injured as appellant fled the premises.
 {¶ 16} R.C. 2923.02 provides for the criminal offense of attempt. Abandonment is an affirmative defense to a charge of attempted theft under R.C. 2923.02(D), which states:
 {¶ 17} "It is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its *Page 5 
commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose."
 {¶ 18} Establishing the offense of attempt requires proof of the commission of a "substantial step" towards the commission of a planned criminal offense:
 {¶ 19} "A `criminal attempt' is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose. (R.C. 2923.02(A) construed.)" State v. Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus; vacated in part on other grounds, Woods v. Ohio (1978),438 U.S. 910.
 {¶ 20} When considered together, the evidence submitted at the trial below supports a finding that appellant took a substantial step towards the commission of a theft offense before he left the bag of merchandise on the floor. McGhee removed merchandise from different aisles, placed the items on a shelf, and stuffed them into a plastic "Rite Aid" shopping bag. McGhee secured the plastic bag from his coat pocket. A jury could reasonably determine that the choice of a "Rite Aid" bag and its source had criminal purpose under the circumstances. Furthermore, during the course of these events, McGhee was filmed looking about in what the jury could have construed as an apparent effort to assure his activities were not observed by others. *Page 6 
 {¶ 21} A jury could reasonably determine that the claimed abandonment of any criminal purpose was untimely; that is, that McGhee committed an attempted theft before he left the bag of merchandise on the floor. "It is well-established that once criminal intent is formed and `such intent has been coupled with an overt act toward the commission of the contemplated offense, the abandonment of the criminal purpose will not constitute a defense to a charge of attempting to commit a crime.'State v. Cooper (1977), 52 Ohio St.2d 163, vacated in part on other grounds (1978), 438 U.S. 991." State v. Ramsey (Feb. 27, 1992), 8th Dist. No. 59549.
 {¶ 22} A reasonable jury could also determine that the claimed abandonment was not a complete and voluntary renunciation — that McGhee left the bag under threat of immediate apprehension by the store manager. Abandonment is involuntary where it is motivated by circumstances not present at the inception of the defendant's conduct which increased the likelihood of detection or apprehension. State v.Arnold (1983), 9 Ohio Misc.2d 14-15.
 {¶ 23} The fact that McGhee stopped short of removing the merchandise from the store requires no different result. Proof that a defendant moved store merchandise with an intent to deprive the owner of it has been found sufficient to support a conviction of a theft offense even where the property was never removed from the premises. State v.Williams (1984), 16 Ohio App.3d 232, 234; State v. Dozier (Dec. 12, 1989), 2d Dist. No. 11398. When considered together, the evidence is sufficient to support a finding that McGhee committed attempted theft — that he took a substantial step towards commission *Page 7 
of a theft offense before he left the bag of merchandise on the floor. The first assignment of error is therefore not well-taken.
 {¶ 24} Appellant, in his second assignment of error, asserts that the guilty verdict was against the manifest weight of the evidence. A court of appeals may determine that a verdict is supported by sufficient evidence and nevertheless rule that the judgment should be reversed and a new trial ordered on the basis that the verdict is against the weight of the evidence. State v. Thompkin s (1997), 78 Ohio St.3d 380, 387, superceded by statute and reversed on other grounds, State v. Smith
(1997), 80 Ohio St.3d 80, certiorari denied (1998), 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949. The function of an appellate court in considering an appeal on the weight of the evidence is to sit as a "thirteenth juror" and to weigh all the evidence. Id. In such circumstances the appellate court determines whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175, with approval.
 {¶ 25} The weight of the evidence also supports the verdict. The testimony of the store manager and security officer concerning appellant's actions was supported by a videotape recording that was entered into evidence at trial. Together they provided credible, persuasive evidence of appellant's conduct and of his criminal intent. Accordingly, the second assignment of error is not well-taken. *Page 8 
 {¶ 26} In the third and final assignment of error, appellant asserts that the trial court erred in its instruction to the jury regarding the definition of renunciation. The jury instruction provided:
 {¶ 27} "Renunciation of criminal purpose is not voluntary if it is motivated in whole or in part by circumstances not present or apparent at the inception of the actor's conduct or actor's course of conduct, which increases the probability of detection or apprehension or which makes more difficult the accomplishment of the criminal purpose." Appellant argues that the instruction placed an unfair and unreasonable burden on him "to prove some sort of purity of motive in abandoning the crime. If the state is not required to prove motive, why should a defendant?" Appellant cites no authority supporting this argument.
 {¶ 28} Under R.C. 2923.02(D), the attempt statute, the affirmative defense of abandonment requires a "complete and voluntary renunciation" of the criminal purpose. We agree with the decision of the Hamilton County Municipal Court in State v. Arnold, supra, that there has been no "complete and voluntary renunciation" of a criminal purpose as required under R.C. 2923.02(D) when the abandonment of the criminal activity is undertaken under fear of imminent detection or apprehension. Accordingly, the trial court did not err in instructing the jury on renunciation as it did and the third assignment of error is not well-taken.
 {¶ 29} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of *Page 9 
Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., concur. *Page 1