The STATE of Ohio, Appellee,

v.

McCOY, Appellant.

[Cite as *State v. McCoy* (1989), 63 Ohio App.3d 644.]

Court of Appeals of Ohio,
Summit County.

No. 14221.

Decided Nov. 29, 1989.

*Lynn Slaby,* Prosecuting Attorney, for appellee.

*A. Edward Bonetti, Jr.,* for appellant.

REECE, Judge.

Defendant-appellant, Darnell McCoy, was indicted on one count of aggravated trafficking, R.C. 2925.03(A)(6). The indictment alleged that McCoy pos-

sessed three times the bulk amount of cocaine. McCoy waived a jury trial and proceeded with a trial to the bench. At trial, McCoy stipulated to the possession of the cocaine, and the sole issue at trial was whether a rock or piece of crack cocaine constituted an identifiable unit of cocaine pursuant to R.C. 2925.01(F). The trial court found that a rock or piece of crack cocaine constituted a separate identifiable unit of cocaine and found McCoy guilty. McCoy appeals.

### Assignment of Error

"The trial court erred in finding that the defendant-appellant possessed over three (3) times the bulk amount of cocaine in violation of Ohio Revised Code Section 2925.03(A)(6)."

McCoy argues that since the pieces of rock cocaine together weighed approximately 10.4 grams, this showed that McCoy violated R.C. 2925.03(A)(4), which would entail possession of an amount exceeding the bulk amount but less than three times the bulk amount of cocaine. R.C. 2925.01(E)(1) provides:

"(E) 'Bulk amount' of a controlled substance means any of the following:

"(1) An amount equal to or exceeding ten grams or twenty-five unit doses of a compound, mixture, preparation, or substance which is, or which contains any amount of, a schedule I opiate or opium derivative, or cocaine[.]"

Since this statute uses the disjunctive "or" between the weight and dosage descriptions, the state is required to prove either weight or dosage, but not both. *State v. Howell* (1981), 5 Ohio App.3d 92, 93, 5 OBR 206, 206–208, 449 N.E.2d 523, 525. The state chose to prove bulk amount under the dosage description.

R.C. 2925.01(F) provides:

" 'Unit dose' means an amount or unit of a compound, mixture, or preparation containing a controlled substance, such amount or unit being separately identifiable and in such form as to indicate that it is the amount or unit by which the controlled substance is separately administered to or taken by an individual."

McCoy contends that a rock of cocaine cannot be considered a unit dosage because the rocks varied in size. McCoy's expert witness testified that "unit dosage" denotes uniformity in size and weight. Therefore, the seventy-five rocks of cocaine admitted into evidence could not be considered as being three times the bulk amount.

The state argues that each individual rock of cocaine is an identifiable unit of cocaine. This is so because each rock of cocaine could be smoked individually.

There is no doubt that each of the rocks of cocaine is separately identifiable as a unit. Each rock of cocaine could have been separately smoked by an individual. Because some users may choose to smoke more than one rock or piece of cocaine does not mean that one rock or piece is not sufficient to constitute a unit dose. Each piece can be sold and used separately.

McCoy's assignment of error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CIRIGLIANO, J., concur.