JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Sheldon Reeves ("Reeves") appeals his conviction of possession of criminal tools, in violation of R.C. 2923.24; and having a weapon while under disability, in violation of R.C. 2923.13. We find no merit to the appeal and affirm.
 {¶ 2} The following facts give rise to this appeal. On December 4, 2001, the Cleveland police executed a search warrant at 1068 E. 71st Street. The warrant was obtained after detectives in the narcotics unit conducted two controlled drug buys at the residence using a confidential, reliable informant. Upon executing the warrant, narcotics unit detectives entered the premises and encountered Reeves outside the northeast bedroom.
 {¶ 3} Detective Ricardo Ruffin testified he observed Reeves running into the northeast bedroom. Ruffin followed Reeves into the room and saw him turn toward a bed, remove a dark item from the waist area of his pants, and make a furtive movement towards the lower part of the bed. Three or four other individuals were also in the room, all of whom were handcuffed and placed under arrest.
 {¶ 4} The detectives searched the northeast bedroom and Detective Ruffin recovered a loaded, black 38-caliber handgun from underneath the bed where he observed Reeves make the furtive movement. Nothing else was found under the bed. The detectives also recovered a bag of crack cocaine from on top of the bed and three bottles of PCP from behind the door to the bedroom.
 {¶ 5} During a search of Reeves' person, detectives found $198, two cell phones, and a pager. No drugs were found on Reeves.
 {¶ 6} A six-count indictment was brought against Reeves that included two counts of preparation of drugs for sale and three counts of possession of drugs, all with a one-year firearm specification; one count of possessing criminal tools; and one count of having a weapon while under disability. Reeves waived his right to a jury trial and the case proceeded to a bench trial which began on August 5, 2002.
 {¶ 7} The trial court found Reeves not guilty of the drug trafficking and possession of drug charges with firearm specifications, and guilty of possession of criminal tools and having a weapon while under disability. The trial court sentenced Reeves to two years of community controlled sanctions.
 {¶ 8} Reeves has appealed his conviction raising two assignments of error.
 {¶ 9} "I. The court's decision finding the defendant guilty of possession of criminal tools was not supported by sufficient probative evidence, and was against the manifest weight of the evidence."
 {¶ 10} "II. The court's decision finding the defendant guilty of having a weapon while under disability was not supported by sufficient probative evidence, and was against the manifest weight of the evidence."
 {¶ 11} The sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 12} While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. Id. at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 13} In his first assignment of error, Reeves challenges his conviction for possession of criminal tools. Reeves claims that the mere fact he was present in the home of another when the search warrant was executed was not enough to convict him of possession of criminal tools. Reeves also argues that the fact drugs were found on the premises cannot create an inference that any item found on his person has an illegal purpose.
 {¶ 14} R.C. 2923.24, the possessing criminal tools statute, provides in relevant part:
 {¶ 15} "(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.
 {¶ 16} "(B) Each of the following constitutes prima-facie evidence of criminal purpose:
 {¶ 17} "(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating the dangerous ordnance, materials, or parts are intended for legitimate use;
 {¶ 18} "(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;
 {¶ 19} "(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use."
 {¶ 20} In order to establish possession of criminal tools, the state must demonstrate possession or control of the device with intent to use it criminally. State v. Jimenez (Nov. 25, 1998), Cuyahoga App. No. 73804; R.C. 2923.24. Further, the state need only prove the illegal possession of one criminal tool in order to sustain a conviction for violating R.C. 2923.24. Jimenez, supra; R.C. 2923.24.
 {¶ 21} A gun is presumed intended for criminal use unless the evidence shows otherwise. R.C. 2923.24(B)(1). State v. Gaines (June 10, 1993), Cuyahoga App. Nos. 62756, 62757. In this case, the record reflects an absence of circumstances indicating the dangerous ordnance was intended for a legitimate use.
 {¶ 22} Nevertheless, Reeves argues that his possession of the gun was not established at trial. Reeves claims that there was no evidence indicating that he owned or possessed the gun and that even if he had been seen holding the gun momentarily, this would not have been sufficient to establish possession.[1]
 {¶ 23} Possession is defined as having "control over a thing or substance," but it may not be inferred, however, solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession can be actual or constructive. State v. Wolery (1976), 46 Ohio St.2d 316,329. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. Statev. Hankerson (1982), 70 Ohio St.2d 87, at the syllabus.
 {¶ 24} Viewing the evidence presented in a light most favorable to the prosecution, the testimony of Detective Ruffin supports the trial court's determination that Reeves did, in fact, constructively possess the gun in question with intent to use it criminally as alleged in the indictment. The state established that Reeves did, at some point, exercise dominion and control over the gun. Detective Ruffin observed Reeves remove a dark item from the waist area of his pants and make a furtive movement towards the lower part of the bed. The detective recovered a loaded, black 38-caliber handgun from that area under the bed and it was the only item found under the bed. In addition, the state established that Reeves was in close proximity to the drugs found in the residence and had $198, two cell phones and a pager in his possession. A review of the record demonstrates that any rational trier of fact could have found from the evidence presented that the essential elements of the offense of possession of criminal tools were proven beyond a reasonable doubt.
 {¶ 25} Although not required, we also find sufficient evidence was presented to support a conviction for criminal tools based on the money, cell phones and pager found in Reeves' possession.[2] These items have previously been found to be criminal tools under circumstances which indicate they were intended for criminal use. See State v. Powell
(1993), 87 Ohio App.3d 157; State v. Burnett (March 20, 1997), Cuyahoga App. No. 70618; State v. Tolbert (May 16, 1996), Cuyahoga App. No. 69158;State v. Williams (Sept. 2, 1993), Cuyahoga App. No. 63502. In this case, a reasonable trier of fact could find the items found on Reeves were criminal tools, when viewed under the circumstances which included finding drugs in the bedroom where Reeves was found.
 {¶ 26} Additionally, this court cannot say that the trial court's decision is against the manifest weight of the evidence. Since the weight to be given the evidence and the credibility of the witnesses are primarily matters for the finder of fact to determine, we accord due deference to the trial court's determination. See State v. Grant (1993),67 Ohio St.3d 465, 477. Accordingly, a review of the record demonstrates that the trial court did not lose its way and create a manifest miscarriage of justice by finding Reeves guilty of possession of criminal tools. In his second assignment of error, Reeves challenges his conviction for having a weapon while under disability. Reeves claims there was insufficient evidence to establish he had possession or control of the gun.
 {¶ 27} R.C. 2923.13, having weapons while under disability, provides in relevant part:
 {¶ 28} "(A) * * *, no person shall knowingly acquire, have, carry or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 29} "(2) The person is under indictment for or has been convicted of any felony offense of violence * * *."
 {¶ 30} In order to "have" a firearm for purposes of R.C. 2923.13, one must either actually or constructively possess it. State v. Scott
(Dec. 14, 2001), Cuyahoga App. No. 77461.
 {¶ 31} The transcript in this case shows that Reeves stipulated to having a prior aggravated robbery conviction. Further, we have already determined that sufficient evidence was presented to establish Reeves' possession of the gun.[3] Once again, Reeves was seen removing a dark item from the waist area of his pants and making a furtive movement towards the lower part of the bed. The only item recovered from under the bed was a black 38-caliber handgun. A reasonable trier of fact could find that Reeves did "have" a gun in his possession.
 {¶ 32} Given the evidence, and viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, we conclude any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Thus, Reeves' conviction is sustained by sufficient evidence.
 {¶ 33} Further, after reviewing the record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we are not persuaded that the court clearly lost its way and created such a manifest miscarriage of justice such that Reeves' conviction must be reversed and a new trial ordered. Reeves' second assignment of error is overruled.
 {¶ 34} Because Reeves' conviction is supported by sufficient evidence and is not contrary to the manifest weight of evidence adduced at trial, Reeves' assigned errors are without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and COLLEEN CONWAY COONEY, J., concur.
[1] Reeves relies on State v. Duganitz (1991), 76 Ohio App.3d 363, to support his claim that the evidence presented did not support a finding that he possessed the gun. Unlike the instant case, the appellant inDuganitz was not seen holding or discarding the weapon. Id. at 371. Instead, the weapon was found in a place in the car accessible to both the appellant and a passenger, and there was no direct evidence of the appellant's knowledge of the weapon. Id. Therefore, Duganitz is distinguishable from the facts of this case.
[2] The prosecution's failure to introduce the actual items into evidence was not fatal to the conviction since sufficient testimony was presented to establish Reeves' possession of the items. See State v.Powell, 87 Ohio App.3d at 168; State v. Williams (1984),16 Ohio App.3d 232.
[3] Reeves' reliance on State v. Hardy (1978), 60 Ohio App.2d 325, for the proposition that holding a gun momentarily does not support a conviction for having a weapon while under disability is not persuasive. In Hardy, we were "faced squarely with the question of whether the state may by law prohibit an individual under disability from utilizing an available firearm or dangerous ordnance in self-defense, when confronted with an overt physical threat or assault on his person by another individual with a deadly weapon." Id. That is not the situation here. Further, we did conclude in Hardy that "the moment at which appellant fired the gun, he technically came within the meaning of the term `have' as used in the statute." Id.