JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, William Tell, appeals the judgment of the Cuyahoga County Common Pleas Court convicting him of possession of drugs, preparation of drugs for sale and possession of criminal tools, which was rendered following a trial to the bench. For the reasons that follow, we affirm.
 {¶ 2} The events giving rise to these convictions occurred in June 2001. According to the testimony of co-defendant Cornelius Taylor, appellant came to Taylor's house late one evening for the purpose of delivering several pounds of marijuana. Taylor testified that he had already paid appellant more than $5,000 for the transaction. Before appellant arrived, however, two intruders entered Taylor's house for the purpose of committing a robbery. Appellant arrived while the intruders were holding Taylor at gunpoint, whereupon appellant was similarly confined. A neighbor happened to observe these events and called the police.
 {¶ 3} As the intruders escaped with an undisclosed amount of cash and other items, the police arrived and gave chase, eventually apprehending the thieves. Taylor testified that, during this foray, he and appellant hid the marijuana first in appellant's car and then in a toolbox behind the garage. Later, while questioning Taylor and appellant, Cleveland Police Officer Kevin Grady detected a strong odor of marijuana. He ultimately discovered the source of that odor as emanating from a locked toolbox located behind the garage. After a search warrant was obtained and executed, a large quantity of marijuana was discovered, later determined to weigh 3,920.85 grams. A handgun was also retrieved, which Taylor testified belonged to him.
 {¶ 4} Appellant and Taylor were indicted on charges of (1) possession of marijuana in an amount equal to or exceeding 5,000 grams but less than 20,000 grams, in violation of R.C. 2925.11; (2) preparation of drugs for sale[1] in an amount equal to or exceeding 5,000 grams but less than 20,000 grams, in violation of R.C. 2925.03; and (3) possession of criminal tools, in violation of R.C. 2923.24. Appellant was also indicted for having a weapon while under disability, in violation of R.C. 2923.13. Firearm specifications were included in the first two counts of the indictment.
 {¶ 5} A capias was issued in August 2001 when appellant failed to appear as originally scheduled. Taylor, on the other hand, appeared and pleaded guilty to possession of drugs in November 2001 and was sentenced accordingly.[2] The remaining applicable charges against Taylor were dismissed, as was the firearm specification contained in the possession-of-drugs charge.
 {¶ 6} Appellant was not brought to trial until after the capias was returned in March 2004. After waiving a jury trial, appellant was tried to the bench. Taylor, Officer Grady and another officer involved in the case, Detective Larry Russell, testified as above. Appellant also testified. His version of events is markedly different from that of Taylor's. An electrician by trade, appellant testified that Taylor wanted some electrical work done at his house and, therefore, he drove to Taylor's house for the purpose of determining the extent of work needed. He testified that the drugs were not his and that the only items brought by him into Taylor's house were the keys to his car.
 {¶ 7} The court ultimately found appellant guilty of lesser included offenses of possession of drugs and preparation of drugs for sale[3]
and possession of criminal tools. He was found not guilty of the firearm specifications and having a weapon while under disability. He was thereafter sentenced accordingly.
 {¶ 8} Appellant is now before this court and, in his single assignment of error, argues that his convictions are both against the manifest weight of the evidence and not sustained by sufficient evidence. Although appellant's argument vacillates between sufficiency and manifest weight, we find that his convictions are neither against the manifest weight of the evidence nor supported by insufficient evidence.
 {¶ 9} The Ohio Supreme Court in State v. Thompkins (1997),78 Ohio St.3d 380, explicitly stated that the "legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Id., paragraph two of the syllabus.
 {¶ 10} "With respect to sufficiency of the evidence, `"sufficiency"' is a term of art meaning that legal standard [that] is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * * In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. * * *
 {¶ 11} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 {¶ 12} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony." (Citations omitted.) Id. at 386-387.
 {¶ 13} With these differing standards of review in mind, we address appellant's argument that the state "did not prove ownership or possession of the alleged marijuana" and, therefore, his convictions for possession of marijuana and preparation of drugs for sale are insupportable. We note preliminarily that the evidence before the trial court confirms that the substance retrieved from the toolbox was identified as marijuana so there is nothing "alleged" about the substance itself.
 {¶ 14} As pertains to the balance of appellant's argument, an appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks
(1991), 61 Ohio St.3d 259, 273. As stated earlier, sufficiency is a test of adequacy. State v. Thompkins, 78 Ohio St.3d at 386-387.
 {¶ 15} R.C. 2925.11 governs the offense of possession of drugs and provides, in part, that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(A). When the substance involved is marijuana, the offense becomes one for possession of marijuana, the penalty for which is dependent upon the quantity confiscated. See R.C.2925.11(C)(3).
 {¶ 16} A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine whether a defendant knowingly possessed a controlled substance. State v. Teamer (1998), 82 Ohio St.3d 490, 492.
 {¶ 17} Possession is defined as having "control over a thing or substance," but it may not be inferred solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession can be actual or constructive. See State v. Wolery (1976), 46 Ohio St.2d 316,329; State v. Haynes (1971), 25 Ohio St.2d 264, 267; State v. Barr
(1993), 86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, at the syllabus. It is not necessary to establish ownership of a controlled substance in order to establish constructive possession. State v. Mann
(1993), 93 Ohio App.3d 301, 308. Readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt (1984), 18 Ohio App.3d 50, 58; see, also,State v. Scalf (1998), 126 Ohio App.3d 614, 619-620. Thus, contrary to appellant's argument, the state need not prove "ownership" in order for a conviction for possession of drugs to be sustainable.
 {¶ 18} Nonetheless, appellant argues that it was Taylor's testimony alone that supported the court's verdict. It is true that Taylor testified that he had previously arranged to purchase marijuana from appellant and had already paid him more than $5,000.00. When appellant arrived at Taylor's house to deliver the drugs, appellant interrupted a robbery in progress and, in turn, became a victim himself. Taylor testified that, once the police arrived and gave chase to the thieves, he and appellant put the marijuana in appellant's car and from there hid it in a toolbox behind the garage. This testimony, if believed, indicates that appellant knowingly had within his control marijuana and, thus, there was sufficient evidence from which to support a conviction for possession of marijuana.
 {¶ 19} The same is true of his conviction for trafficking in marijuana. R.C. 2925.03 governs the offense of drug trafficking and provides, in part, that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." As in the possession-of-marijuana charge, when the substance involved is marijuana, the offense becomes trafficking in marijuana, the penalty for which is dependant upon the quantity confiscated. See R.C. 2925.03(C)(3).
 {¶ 20} Appellant argues that his conviction for preparation of drugs for sale is unsustainable because the state failed to prove that he was in possession of marijuana. Although it is true that possession is a "requisite element" of this offense,[4] we have already determined that there was sufficient evidence to sustain a conviction for possession of marijuana. Appellant's argument is, therefore, unavailing.
 {¶ 21} Appellant also argues that there is insufficient evidence to sustain his conviction for possession of criminal tools. R.C. 2923.24(A) provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." As indicted and as pertains to this appeal, the criminal tools at issue include money and appellant's vehicle. Appellant argues that there was no evidence to indicate that he "used any item as a tool." We disagree.
 {¶ 22} Taylor testified that appellant transported the marijuana in the latter's vehicle. Taylor also testified that, immediately after the commission of the robbery, he and appellant placed the marijuana in appellant's vehicle before removing it and placing it in a toolbox behind Taylor's garage. This evidence, if believed, indicates that appellant possessed the vehicle with the intent to use it for transporting and/or concealing the marijuana. The same cannot be said about the money that was confiscated. Where the evidence supports that a criminal defendant knowingly transports, delivers or distributes drugs, this court has previously held that it is reasonable to conclude that money possessed by the defendant was used to facilitate drug transactions and, therefore, is a criminal tool. See State v. Powell (1993), 87 Ohio App.3d 157, 168;State v. Clarke (Sept. 23, 1993), Cuyahoga App. No. 62793, 1993 Ohio App. Lexis 4506. We have no such evidence in this case.
 {¶ 23} When questioned about where the money was confiscated, Officer Russell testified that it was seized "along the path of [the robbery suspects'] attempted escape." More specifically, he testified as follows:
 {¶ 24} "Most of it was recovered from where the [robbery] suspects ran, some on top of the garage, some in the yard, different places, all throughout the crime scene, at the location where the suspects ran to, where they were found at, there was money or some type of property found."
 {¶ 25} Without more, we are unwilling to say that there was sufficient evidence indicating that this money was used to facilitate drug transactions. Given the disparity between the amount of money seized and the amount Taylor testified that he had paid appellant prior to delivery, combined with Officer Russell's testimony that the money seized was not recovered from either Taylor or appellant, the evidence is insufficient to sustain a conviction for possession of criminal tools on the basis that the money seized served as the criminal tool. Nonetheless, because appellant's vehicle can be considered a criminal tool under the facts of this case, the conviction for possession of criminal tools is supported by sufficient evidence.
 {¶ 26} Accordingly, appellant's convictions for possession of marijuana, preparation of marijuana for sale and possession of criminal tools are supported by sufficient evidence. We next address appellant's manifest-weight-of-the-evidence argument.
 {¶ 27} In contrast to a sufficiency-of-the-evidence argument, an argument based on manifest weight of the evidence requires an appellate court to determine whether the state appropriately carried its burden of persuasion. A court reviewing a question of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. A manifest-weight-of-the-evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of an issue rather than the other. State v. Thompkins, 78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his or her way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175. A new trial is warranted only in the exceptional case where the evidence weighs heavily against conviction. Id.
 {¶ 28} This is not the exceptional case nor do we see any manifest miscarriage of justice. To be sure, appellant's testimony differs markedly from that of Taylor's. However, it is within the province of the factfinder to believe, or disbelieve, any or all of the testimony of the witnesses before it. We acknowledge that appellant argues that Taylor lacked credibility and lied to the court. The trial court, however, found Taylor's testimony to be credible and appellant's less so. We cannot say that the trial court, in resolving this conflicting evidence, lost its way and created a manifest miscarriage of justice. Accordingly, appellant's convictions for possession of marijuana, preparation of marijuana for sale and possession of criminal tools are not against the manifest weight of the evidence.
 {¶ 29} Appellant's assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Kilbane, J., concur.
[1] The offense of preparation of drugs for sale is now part of R.C.2925.03, which governs the offense of trafficking in drugs. See former R.C. 2925.07, repealed by Am. H.B. No. 528, 148 Ohio Laws, Part III, 5767, effective February 13, 2001.
[2] The court sentenced Taylor to community control sanctions in December 2001, which the docket reflects ended in January 2004.
[3] Because of the quantity of drugs retrieved, the evidence did not support a conviction for the indicted offense, R.C. 2925.11(C)(3)(e). Compare R.C. 2925.11(C)(3)(d) and (e).
[4] See State v. Arrington (1990), 64 Ohio App.3d 654, 656.