JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Raymond Fields ("Fields"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant was indicted by the Cuyahoga County Grand Jury for possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree. Appellant was arraigned on November 10, 2004. On January 3, 2005, appellant executed a written jury trial waiver, and a bench trial commenced. Both the state and defense counsel stipulated that the drugs involved in this case tested positive for 1.17 grams of cocaine.
 {¶ 3} The state and defense counsel further stipulated that the bag that contained the drugs was not fingerprinted. That same day, the bench trial concluded, and appellant was found guilty of possession of drugs. On February 2, 2005, appellant was sentenced to a six-month term of imprisonment and was notified that upon his release he would be subject to post-release control. This appeal followed.
 {¶ 4} According to the facts, on September 29, 2003, Officer Jeffrey Weaver of the Cleveland Police Department and his partner, Officer Glasscock, were conducting a traffic stop in the area of Lee Road and Harvard Avenue in Cleveland, Ohio. During the course of the traffic stop, the police officers observed a black Ford Explorer. Police Officer Weaver recognized the license plate as being one he previously observed on a "hot sheet" of stolen vehicles. The officer quickly concluded the traffic stop he was engaged in and proceeded to look for the Ford Explorer, which was found parked at 4060 Lee Road.
 {¶ 5} After observing two males enter the vehicle, Officer Weaver activated his lights and drove his zone car from its surveillance position to a position directly in front of the black Ford Explorer, preventing the Explorer from entering Lee Road. The occupants of the Explorer were directed by Officer Weaver to back up. The Explorer quickly accelerated in reverse. Officer Weaver and his partner exited the zone car and ordered the two occupants out of the car. The Explorer was inventoried, and crack cocaine was found. Both appellant and Jasmin Richardson were arrested. Richardson was later charged and pled guilty to driving a stolen vehicle.
 {¶ 6} On January 3, 2005, Rochelle Roberts, the legal owner of the Explorer, made an appearance to testify for the state at trial. As Roberts was waiting to testify, she became engaged in a discussion with appellant. Appellant told Roberts that he did not steal her car; his cousin did. Appellant also told Roberts that the drugs fell into his lap.
 {¶ 7} Jasmin Richardson testified for the defense. Richardson has a criminal history that includes convictions for drug trafficking in March 2004 and trafficking crack cocaine in 1999. He stated that he did not see appellant with drugs on September 29, 2003. On examination by the court, Richardson also testified that if appellant had told Roberts that the drugs fell on his lap, it would indicate that appellant was aware that there were drugs in the car.
 {¶ 8} The trial court found appellant guilty of possession of drugs. Thereafter, the trial court imposed a sentence of six months incarceration and notified appellant that upon his release he would be subject to post-release control. This appeal followed.
 II. {¶ 9} Appellant's first assignment of error states the following: "The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of drug possession."
 {¶ 10} Appellant's second assignment of error states the following: "Appellant's conviction for drug possession was against the manifest weight of the evidence."
 III. {¶ 11} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art, meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. State v.Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 12} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a thirteenth juror and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 13} Appellant argues in his first assignment of error that he was convicted on evidence that was insufficient as a matter of law to sustain the conviction. We do not find merit in appellant's argument.
 {¶ 14} Under Ohio law, possession may be actual or constructive. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. Dominion and control may be proven by circumstantial evidence alone. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may constitute constructive possession.State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996.
 {¶ 15} In the case at bar, viewing the evidence presented in a light most favorable to the prosecution, the testimony supports the determination by the trial court that appellant did, in fact, constructively possess crack cocaine at the time of his arrest on September 29, 2003. A review of the record demonstrates that the state established that appellant exercised both dominion and control over the crack cocaine and the immediate area in which the crack cocaine was discovered.
 {¶ 16} Officer Weaver testified that the Ford Explorer was inventoried for contents, and located in between the passenger's seat and the console was a plastic bag containing 1.17 grams of cocaine rocks. This plastic bag was within appellant's reach, as he was the front seat passenger.
 {¶ 17} R.C. 2925.11 provides that no one shall knowingly obtain, possess, or use a controlled substance. The prohibitions are in the disjunctive. Clearly, the state established that the crack cocaine was within arm's length of appellant at the time of the search of the vehicle. Under the circumstances presented herein, any rational trier of fact could have found from the evidence presented that the essential elements of the offense of drug possession was proven beyond a reasonable doubt.
 {¶ 18} A review of the record demonstrates that the court did not lose its way and create a manifest miscarriage of justice by finding appellant guilty of drug possession in violation of R.C. 2925.11. Appellant's conviction was supported by substantial credible evidence upon which the trier of fact could reasonably conclude that defendant-appellant was guilty of the indicted offense. State v. Powell (1993),87 Ohio App.3d 157. The evidence in the record demonstrates that the trial court's actions were proper. Moreover, we find the evidence in the case at bar to be sufficient to support the lower court's conviction.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. Statev. Issa (2001), 93 Ohio St.3d 49; see, also, State v. Thompkins. Id.
 {¶ 21} The proper test to be used when addressing the issue of manifest weight of the evidence is set forth as follows:
"Here, the test [for manifest weight] is much broader. The court,reviewing the entire record, weighs the evidence and all reasonableinferences, considers the credibility of the witnesses and determineswhether in resolving conflicts in the evidence, the [fact finder] clearlylost its way and created such a manifest miscarriage of justice that theconviction must be reversed and a new trial ordered. * * *"
 State v. Moore, Cuyahoga App. No. 81876, p. 8, 2003-Ohio-3526, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, Tibbs v.Florida (1982), 457 U.S. 31.
 {¶ 22} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. Moore at p. 8, citing State v. DeHass
(1967), 10 Ohio St.2d 230. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. Moore at p. 8, citing Martin.
 {¶ 23} It is with the above standards in mind that we now address appellant's second assignment of error. There is nothing in the record to suggest that the trial court clearly lost its way and created such a miscarriage of justice as to require reversal of appellant's conviction.
 {¶ 24} To the contrary, the evidence in the record demonstrates that appellant did possess drugs. On the morning of trial, appellant admitted to Rochelle Roberts that the drugs fell in his lap. The testimony of Roberts and Officer Weaver is not contradictory. Appellant did not give Roberts a time frame as to when the drugs fell in his lap. As the trial court noted, there is no reason to believe that the drugs were not on appellant's lap and then put between the passenger seat and console prior to observation by the police.
 {¶ 25} Richardson claims that there were no drugs in the stolen Ford Explorer on September 29, 2003. This contradicts appellant's admission that the drugs fell in his lap, as well as the fact that drugs were later recovered from the vehicle. Richardson's credibility is questionable. The greater amount of credible evidence sustains the lower court's finding of constructive possession by appellant. There was significant, descriptive, testimonial evidence provided.
 {¶ 26} Based on the evidence presented at the trial court, as well as the lower court's complete and accurate review of that evidence, we find appellant's error to be without merit. Appellant's conviction is not against the manifest weight of the evidence. Indeed, the manifest weight of the evidence supports appellant's conviction.
 {¶ 27} Appellant's second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., concur.